57532. KIMBROUGH et al. v. BELK & COMPANY.

QUILLIAN, Presiding Judge.

Belk & Co., a broker under a real estate sales contract, brought this action to determine whether the sellers or purchasers under the contract were entitled to $500 deposited in escrow. The dispute is now solely between the buyers and sellers since the plaintiff was discharged from any liability in the case.

The contract provided that the "purchaser agreed to assume, at time of closing, the then current outstanding principal balance on a loan in favor of Dalton Federal Savings & Loan Assn." It further provided "If purchaser is unable to assume the loan at either (a) the interest rate set out above, or (b) such other interest rate as is acceptable to Purchaser, Purchaser may declare this contract null and void and all earnest monies paid hereunder shall be refunded. If Purchaser does not notify Seller in writing of his inability to obtain said loan within 30 days from the effective date of this Contract, then this loan contingency shall terminate and Purchaser shall pay Seller the purchase price in cash at closing."

The cause came on for trial before the judge sitting

without a jury. It appeared from the evidence that Dalton Federal, the lender, approved the loan assumption by the purchasers subject to 4 conditions, one of which was "subject to sale of lot located in Farm Estates and deposit of cash required for closing." The purchasers did not sell the lot and notified the sellers by letter dated Sept. 9, 1977 that they were unable to assume the loan. The contract was dated August 18, 1977. So, the 30 days provision for notice would have expired September 17, 1977. Based on his interpretation of the evidence the trial judge found that the purchasers failed to demonstrate they made a diligent effort to assume the loan. The purchasers appeal.
*Held:*

Under its express terms the contract might be declared null and void if the purchaser was "unable to assume the loan at either (a) the interest rate set out above, or (b) such other interest rate as is acceptable to Purchaser."

While this language might require the purchaser to diligently pursue obtaining the loan assumption, including complying with necessary conditions pertinent thereto, it would not require the purchaser to diligently seek to honor any extraneous or extraordinary conditions imposed by the lender as a prerequisite to obtaining the loan. Here, the lender did not request of the purchaser just the ordinary incidents of the loan assumption, as: a credit check, a transfer fee, an agreement to execute the necessary payments. Instead, an additional requirement was imposed, one not contemplated in the original agreement between the purchasers and the sellers, to wit, the purchasers must sell their lot.

Although ostensibly the loan assumption was approved by the lender, the inclusion of the extra condition, not part of the original contract, amounted to a denial since the purchasers could not assume the loan unless such prerequisite was met. While "diligence" might encompass compliance with the ordinary incidents of the loan assumption, it did not mandate that the purchasers sell their lot; they could in fact refuse to do so and would lose no rights. When the purchasers failed to sell their lot, for whatever reason, their status was that they were unable to assume the loan within the meaning

of the contractual language.

The trial judge erred in finding their failure to actively pursue the sale of their lot would disqualify them from voiding the contract under the provisions relative thereto.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED APRIL 4, 1979 — DECIDED APRIL 30, 1979.

*McCord, Cooper, Voyles & Kimbrough, James M. Kimbrough,* for appellants.
*John T. Avrett, J. Mike Brown,* for appellee.